UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS ALBERTO CARABALI-GARCES,

v. Case No. 8:04-cr-84-T-24TGW
8:05-cv-1758-T-24TGW

UNITED STATES OF AMERICA.

---

O R D E R

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-306).

BACKGROUND

On May 17, 2004, Defendant signed a plea agreement that contained a waiver of appeal. (Plea Agreement, Doc. cr-76, p. 11, ¶ 5).

On May 27, 2004, Defendant pled guilty to count one[1] of a two-count indictment before the United States Magistrate Judge in a change of plea hearing. During the Fed. R. Crim. P. 11 colloquy, Defendant expressly acknowledged that he understood the plea agreement, including the appeal waiver, and that he was agreeing to the appeal waiver freely and voluntarily. (Transcript of Change of Plea Hearing, Doc. cr-315, pp. 31-33). Defendant expressly acknowledged that he could not appeal "the way the Court calculates the sentencing guidelines," and could not "come back to this Court and complain about the

---

[1] Count one charged Defendant with conspiracy to possess with intent to distribute five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § § 1903(g) and (j). (See Judgment, Doc. cr-177).

calculation either." (Doc. cr-315 , p. 32).

On June 25, 2004, the undersigned United States District Judge accepted the guilty plea (Doc. cr-113). On September 17, 2004, the Court sentenced Defendant to 135 months incarceration. Count two of the Indictment was dismissed on the Government's motion. Judgment was entered. (Doc. cr-176, cr-177, cr-191). Defendant did not file a direct appeal.

On September 14, 2005, Defendant signed the present timely-filed motion to vacate, set aside, or correct the his allegedly illegal sentence, raising four grounds for relief. (Doc. cv-1; cr-306, p. 9). Defendant attached Exhibit A entitled, "Affidavit of Carlos Alberto Carabali-Garces in Support of his Motion Pursuant to 28 U.S.C. § 2255." (Doc. cv-1, Ex. A). In Exhibit A, Defendant alleges that he had two conversations with defense counsel Mark W. Ciaravella before the sentencing hearing. In one, he asked Ciaravella to make a minor role objection; in the other, he asked Ciaravella either to raise a Blakely v. Washington, 542 U.S. 296 (2004) objection or to request a postponement of sentencing pending United States v. Booker, 543 U.S. 220 (2005). (Doc. cv-1, Ex. A). Defendant alleges that Ciaravella responded, through an interpreter, "It does not matter. Let's go to sentencing and await the ruling of the Supreme Court. When you come back from appealing in approximately eighteen months, the Booker ruling will be in effect, and possibly could be applied in your case." Defendant then concludes, "After discussing sentencing and the appeal process with Counsel, Affiant was assured that Counsel would adhere to his request. As such, Affiant believed that Counsel would have honored his legal obligation owed the Affiant by challenging his sentence prior to, or during the sentencing proceeding of the case." (Doc. cv-1, Ex. A).

On October 13, 2005, this Court denied grounds two and three of Defendant's present motion to vacate and ordered the Government to show cause why ground one should not be granted. (Doc. cv-4) In ground one, Defendant alleges he was denied his Sixth Amendment right to effective assistance of counsel because defense counsel Mark W. Ciaravella failed to file a requested appeal on Defendant's behalf.[2] (Doc. cv-1, p. 5). In the October 13, 2005, order, the Court stated that ground four would be addressed after the government filed its response and Defendant filed his reply.[3] In ground four, Defendant alleges that he is entitled to an evidentiary hearing to prove facts supporting his claims.

DISCUSSION

On December 16, 2005, the Government responded to the show cause order and filed a letter from defense counsel Ciaravella. In the December 15, 2005 letter, attorney Ciaravella stated:

> Dear Mrs. Barksdale [Assistant United States Attorney]:
>
> This letter is in response to your request that I provide additional information regarding Mr. Carabali-Garces' claim that he told me to appeal the judgment in his case and that I refused or neglected to do so.
>
> I reviewed Mr. Carabali-Garces' file. My notes in the file indicate that we discussed the possibility of appealing his Final Judgment. He asked my opinion as to whether or not he had a viable appeal. In response to his question, my notes indicate that it was my stated opinion that there was no viable appeal for the following reasons:
>
> 1. The waiver of right to appeal contained in his plea

---

[2] In the order to show cause, the Court specifically stated, "The Court considers that when Defendant filed the 28 U.S.C. § 2255 motion to vacate alleging ineffective assistance of counsel, he waived any attorney-client confidentiality for the purpose of that attorney's submitting an affidavit." (Doc. cv-4, p. 4)

[3] The Court allowed Defendant 25 days to file a reply to the Government's response. The order limited the reply to the Government's response to the claim that Defendant's attorney failed to file an appeal after being asked to do so, as Defendant alleges in ground one.

> agreement. I explained that the waiver was enforceable and would likely result in the dismissal of his appeal without consideration of the issues.
>
> 2. That Judge Bucklew had created a record wherein she clearly demonstrated that the sentence imposed would be the same whether or not she was bound by the sentencing guidelines. Therefore, no Blakely error existed; and
>
> 3. That the minor role argument was the only other possible issue to be appealed, and that due to the facts, standard of review, and discretion afforded to the judge in determining role, it could not be won.
>
> My notes also indicate that I explained to Mr. Carabali-Garces that he had, in the plea agreement, agreed not to attack the sentence imposed, and that filing an appeal would breach the agreement. Such a breach could preclude future consideration by the United States Attorney of any substantial assistance that he had performed, or intended to perform in the future.
>
> In conclusion, I told him that the final decision was his, and that I would do whatever he wanted with respect to the appeal. My notes indicate that I left him with the understanding that he would inform me if he wanted to file the appeal. I never heard from him.

Gomez-Diaz v. United States

On December 20, 2005, the United States Court of Appeals for the Eleventh Circuit, decided Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005). Gomez-Diaz was convicted of, and sentenced for, federal offenses after entering into a plea agreement that included a sentence appeal waiver. Id. at 790. Gomez-Diaz then filed a pro se section 2255 motion alleging that his counsel had failed to file a requested notice of appeal. Id. The district court dismissed the motion to vacate without an evidentiary hearing because Gomez-Diaz had not identified any ground for appeal that fell within any exception to his sentence appeal waiver. Id. The Eleventh Circuit vacated and remanded. Id. at 793. In doing so, the Eleventh Circuit: (1) read Gomez-Diaz's pleading liberally to allege that he

had asked counsel to file an appeal but counsel had recommended filing a section 2255 motion instead, id. at 792; (2) concluded that the district court had erred in denying an evidentiary hearing because the pleading was insufficient to indicate whether Gomez-Diaz's expression to counsel of his desire to appeal had triggered counsel's duty to do so or whether counsel had fulfilled his duty to consult with the petitioner to determine his wishes, id. at 793; and (3) held that if the evidence established either that counsel had acted contrary to Gomez-Diaz's wishes, or that counsel had failed to fulfill his duty to attempt to determine Gomez-Diaz's wishes, prejudice would be presumed and Gomez-Diaz would be entitled to an out-of-time appeal, "regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver[,]" Id.

Carlos Alberto Carabali-Garces' Case Is Distinguishable from Gomez Diaz's Case

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court established a three-step analytical framework to be applied in assessing ineffective assistance of counsel claims predicated upon counsel's failure to file a notice of appeal on the defendant's behalf. Under Flores-Ortega, courts first must establish whether a defendant requested that his attorney file a notice of appeal. If such a request were made and disregarded, then counsel acted in a manner that was per se professionally unreasonable. Id. at 477. If, however, the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, courts must then determine whether counsel "consulted" with the defendant about an appeal. In this context, the term "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 488. "If counsel has consulted with the defendant

... then [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. If, however, counsel fails to consult with the defendant, then "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id. In this final category of cases, the Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." Id. at 480. Rather, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.

The analysis of the present case under Flores-Ortega demonstrates that the present case is distinguishable from Gomez-Diaz and that ground one can be dismissed without an evidentiary hearing. Although Defendant Carabali-Garces states that his defense counsel, Mark Ciaravella, failed to file a requested appeal, Defendant's Exhibit A, which contains detailed descriptions of his conversations with Ciaravella, demonstrate that the conversations did not a request that counsel file a direct appeal. (Doc. cv-1 at Ex. A ¶ 3). Instead, Carabali-Garces describes two discussions about objections for defense counsel to raise at the sentencing hearing and alleges that Ciaravella did not raise them.[4] Id.

[4] At the sentencing hearing, defense counsel raised two objections. (Doc. cr-314 at 7-11). First, Ciaravella objected to the probation office's failure to give Carabali-Garces a downward adjustment for minor role pursuant to USSG § 3B1.2. This Court overruled the objection on the basis that Carabali-Garces' role as a crew member was neither greater nor less than that of other crew members. Second, Ciaravella objected to the guidelines as unconstitutional. This Court overruled the objection on the primary basis of then-Eleventh Circuit precedent and the alternative basis that this court would have sentenced Carabali-Garces within the guidelines even with discretion to depart therefrom. (Doc. cr-314 at 11).

Moreover, the record in this case includes an uncontradicted explanation from Ciaravella that he met with Carabali-Garces after sentencing; that he advised Carabali-Garces that an appeal was not viable, that he told Carabali-Garces that the final decision with respect to an appeal was Carabali-Garces', and that Carabali-Garces should contact him if he wanted to appeal, but that Carabali-Garces never did so. (Doc. cv-9 [attachment]).

Defendant Carabali-Garces has failed to show that attorney Ciaravella was ineffective for failing to file an appeal. Defendant Carabali-Garces' pleadings are insufficient to show that he expressed a desire to appeal. Therefore, defense counsel Ciaravella did not have a per se duty to appeal. Furthermore, defense attorney Ciaravella consulted with Defendant Carabali-Garces as to the propriety of an appeal, rather than simply expressing his disagreement about an appeal and making Carabali-Garces' decision for him. Defendant Carabali-Garces has not met his burden to show that counsel was ineffective for failing to file a direct appeal.

Furthermore, Carabali-Garces has not shown that he is entitled to an evidentiary hearing. Carabali-Garces has the burden of establishing the need for an evidentiary hearing, see Birt v. Montgomery, 725 F.2d 587,591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish his right to collateral relief, see Townsend v. Sain, 372 U.S. 293,307 (1963). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2003) (quoting 28 U.S.C. foll. § 2255). Accordingly, no hearing is required when the record establishes that

a section 2255 claim lacks merit, see United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). Defendant Carabali-Garces has not established any basis for an evidentiary hearing in the present case.

Accordingly, the Court orders:

That Defendant Carabali-Garces' 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-306) is denied in its entirety. The Clerk is directed to enter judgment against Carabali-Garces in the civil case and to close that case.

ORDERED at Tampa, Florida, on February 7, 2006.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

AUSA: Patricia D. Barksdale
Pro se: Carlos Alberto Carabali-Garces